**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles R. LANCE, Defendant–Appellant.**

**No. 93–2405.**

United States Court of Appeals,
Eleventh Circuit.

June 20, 1994.

James E. Feldman, Tampa, FL, for appellant.

Todd Foster, Vickie L. Johnson, and Tamra Phipps, Asst. U.S. Attys., Tampa, FL, for appellee.

Before BLACK, Circuit Judge, MORGAN and FAY, Senior Circuit Judges.

PER CURIAM:

In this appeal we determine how district courts should use the United States

Sentencing Guidelines (USSG or Guidelines) to satisfy an *ex post facto* problem when sentencing a defendant under a different version of the Guidelines than was in existence at the time of the offense. We conclude that district courts may not use sections from different versions of the Guidelines but must use one version of the Guidelines in its entirety.

## I.

Appellant Charles R. Lance perpetuated a check-kiting scheme from late 1988 through March 1989. His pattern of making cyclical, immediate credit deposits among four banks masked a substantial overdraft position. On September 9, 1992, Lance entered guilty pleas on sixteen counts of substantive bank fraud and conspiracy to commit bank fraud under 18 U.S.C. §§ 371, 1344, and 1005. The district court sentenced Lance according to the November 1, 1987, Guidelines in effect at the time of the offense because they were less punitive as a whole than the November 1, 1992, Guidelines in effect at the time of sentencing.[1]

On appeal, Lance contends that he is eligible for the additional one-level downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility under the 1992 Guidelines in effect on the date of his sentencing, in addition to the two-level downward adjustment under U.S.S.G. § 2F1.1 for acceptance of responsibility under the 1987 Guidelines.

## II.

■ The general rule is that a defendant's sentence must be based on the Guidelines that are "in effect on the date that the defendant is sentenced." 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B1.11(a). The Guidelines also provide, however, that a sentencing judge must use the Guidelines Manual in effect on the date the crime was committed, if using the Guidelines Manual in effect on the date of sentencing would violate the *ex post facto*

clause of the United States Constitution. U.S.S.G. § 1B1.11(b)(1).

The issue of which version (or versions) of the Guidelines to use when an *ex post facto* problem arises appears to be one of first impression in this Circuit. Lance contends that, notwithstanding U.S.S.G. § 1B1.11, only the amendment to the Guidelines which offends *ex post facto* concerns should be considered as of the date the crime was committed. He asserts that any remaining, unoffensive Guidelines sections should be applied as of the date of sentencing.

■ Other Circuits enforce a rule that, whichever version is appropriate, the Guidelines in effect on that date should be used in their entirety. *United States v. Boula,* 997 F.2d 263, 265–66 (7th Cir.1993); *United States v. Warren,* 980 F.2d 1300, 1304–06 (9th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 397, 126 L.Ed.2d 344 (1993); *United States v. Lenfesty,* 923 F.2d 1293, 1299 (8th Cir.), *cert. denied,* 499 U.S. 968, 111 S.Ct. 1602, 113 L.Ed.2d 665 (1991); *United States v. Stephenson,* 921 F.2d 438, 441 (2d Cir.1990).

■ We agree that "[a]pplying various provisions taken from different versions of the Guidelines would upset the coherency and balance the Commission achieved in promulgating the Guidelines. Such an application would also contravene the express legislative objective of seeking uniformity in sentencing." *Stephenson,* 921 F.2d at 441. The Sentencing Commission intended the Guidelines to be applied as a cohesive whole rather in a piecemeal fashion. A defendant should not be able to mix and match amended provisions that result in a sentence in his favor. *Id.*

We conclude that the district court did not err by refusing to apply the version of U.S.S.G. § 3E1.1 in effect on the date of sentencing because *ex post facto* concerns required application of the Guidelines' version of § 2F1.1 in effect on the date of the

1. Lance was sentenced to twenty-four months in prison based on a Criminal History Category of I and a total offense level of fifteen. The number fifteen was calculated by a base level offense of six, increased by nine due to the large amount of monetary loss to the financial institutions involved, increased by two for more than minimal planning, and decreased by two for acceptance of responsibility.

offense. Accordingly, the decision of the district court is

AFFIRMED.