

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2008

# Terry Middleton v. David Ebbert

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3035

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

### Recommended Citation

"Terry Middleton v. David Ebbert" (2008). *2008 Decisions.* Paper 123.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3035
_____

TERRY MIDDLETON,

Appellant

vs.

DAVID J. EBBERT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-00827)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2008
Before:  SCIRICA, CHIEF JUDGE, WEIS and GARTH, CIRCUIT JUDGES

(Filed: December 11, 2008)
_____

OPINION
_____

PER CURIAM.

Terry Middleton appeals from the order of the United States District Court

for the Middle District of Pennsylvania dismissing his habeas petition filed under

28 U.S.C. § 2241.  We will affirm.

1

Middleton alleged in his section 2241 habeas petition that in 1991, he was convicted in the United States District Court for the Northern District of Florida of possession of a shotgun by a convicted felon in violation of 18 U.S.C. §§ 922(g)) and 924(e); he had committed the offense in 1988. He was sentenced to 180 months, to run consecutive to a twenty year sentence imposed by the Circuit Court of Duval County, Florida. The United States Court of Appeals for the Eleventh Circuit affirmed on direct appeal. In December 1993, Middleton filed in the sentencing court a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, which was denied. The Eleventh Circuit affirmed in May 1997.

About eleven years later, in May 2008, Middleton filed his section 2241 habeas petition in the District Court.[1] He asserted that the sentencing court applied provisions from both the 1988 and 1990 United States Sentencing Guidelines manuals, to his detriment. Specifically, he argued that the District Court wrongly applied the 1990 version of U.S.S.G. § 5G1.3, which made concurrent sentencing discretionary, instead of applying the 1988 version of section 5G1.3, which would have mandated concurrent sentencing. If his federal sentence had been imposed to run concurrently with his state sentence, his sentence would have expired by now, but instead his release date is calculated for the year 2020. Thus, Middleton claims that his sentence violates the Ex

---

[1] Middleton was, and is currently, an inmate of the Federal Correctional Institution-Allenwood at White Deer, Pennsylvania.

2

Post Facto Clause of the United States Constitution. He contended that he was entitled to have his claim heard under section 2241 in light of the statutory bar against filing second or successive section 2255 motions.

On June 20, 2008, the District Court dismissed the section 2241 habeas petition. The District Court concluded that Middleton had failed to demonstrate that section 2255 is inadequate or ineffective such that he should be allowed to proceed under section 2241. Middleton appeals.[2] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

A section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 249-51. A section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety

---

[2] Middleton filed a motion for reconsideration in District Court, which the District Court denied on July 21, 2008. Middleton did not separately appeal that order, so we will not review it. See Fed. R. App. P. 4(a)(4)(B)(ii).

3

valve" provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

We agree with the District Court that Middleton's situation is not the rare one rendering section 2255 inadequate or ineffective. That Middleton has already unsuccessfully pursued a section 2255 motion in the sentencing court and now faces a statutory bar to filing another one does not show the inadequacy of that remedy. Neither does his assumption that any attempt in obtaining authorization from the Eleventh Circuit to file another section 2255 motion would be futile.[3]

As he argued in District Court, Middleton asks this Court to apply the "safety valve clause" of section 2255 in light of United States v. Lance, 23 F.3d 343 (11th Cir. 1994), in which the court held that a sentencing court must apply the appropriate Sentencing Guidelines manual in its entirety rather than applying individual provisions taken from different versions of the Guidelines. Lance was not available to Middleton at the time he filed his section 2255 motion in 1993. Middleton also contends that his circumstances are "extraordinary" because he had no access to the Sentencing Guidelines

---

[3] He concedes in his submission to this Court that he has not sought authorization from the Eleventh Circuit to file a second section 2255 motion, but he states that the remedy is procedurally unavailable to him under Eleventh Circuit case law. Even assuming his assertion is true, our decision remains unchanged.

manuals until 2005, when he was transferred from state custody to federal custody. We are unpersuaded that his circumstances are so extraordinary as to expand the narrow exception in <u>Dorsainvil</u>. <u>See</u> <u>Okereke</u>, 307 F.3d at 120 (petitioner cannot invoke section 2241 to pursue claim based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because that intervening change in law did not render crime for which appellant was convicted not criminal).

We have considered the record and Middleton's arguments in his memorandum in opposition to summary action. Because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.