[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2011
JOHN LEY
CLERK

No. 10-14907
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00180-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO RICKY BAILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 19, 2011)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Antonio Ricky Bailey appeals his conviction and 63-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Bailey asserts four issues on appeal, which we address in turn. After review, we affirm his conviction and sentence.

I.

Bailey contends the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to prove he possessed a firearm, as the trial evidence against him was contradictory and only "fit together" through unreasonable inferences or speculation.

We review *de novo* a district court's denial of a motion for judgment of acquittal on sufficiency of evidence grounds. *United States v. Friske*, 640 F.3d 1288, 1290-91 (11th Cir. 2011). In making this determination, "we consider the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor." *Id.* The evidence need not be inconsistent with every reasonable hypothesis except that of guilt, provided a reasonable trier of fact could find the evidence established the defendant's guilt beyond a reasonable doubt. *United States v. Merrill*, 513 F.3d 1293, 1299 (11th Cir. 2008).

To prove a violation of 18 U.S.C. § 922(g)(1), the prosecution must prove "(1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000). To establish the knowing-possession element "[t]he prosecution need show only that the defendant consciously possessed what he knew to be a firearm." *Id.* at 1298.

Bailey's possession of the firearm is the only element in dispute. Regardless of whether Bailey brandished a firearm at Deputies Meiczinger and Hallberg-Calebro, the evidence introduced at trial supported the jury's necessary finding that Bailey knowingly possessed the firearm. Zakera Southall, Tawaina Stanley, and Charlene Stanley testified Bailey ran into the apartment and went to the closet, placing something inside. Southall and Tonya Drake testified the firearm and drugs found in the closet did not belong to anyone in the apartment. This testimony allowed the jury to reasonably infer Bailey possessed the firearm and drugs and placed them in the closet, and, thus, was guilty of being a felon in possession of a firearm under § 922(g)(1). Although Bailey argues Southall's and Tawaina Stanley's testimony was not credible, this is a matter determined by the jury. *See United States v. Thompson*, 473 F.3d 1137, 1142 (stating credibility

questions are answered by the jury, and we will assume the jury answered them all in a manner that supports the verdict).  Because a reasonable juror could have concluded from the evidence that Bailey was guilty of the offense beyond a reasonable doubt, the district court did not err in denying his motion for judgment of acquittal.

## II.

While acknowledging our precedent forecloses his argument, Bailey argues that 18 U.S.C. § 922(g) is unconstitutional both facially and as applied to him because it fails to require proof of a substantial nexus between the offense and interstate commerce.  We have held that § 922(g) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement, i.e., the requirement that the felon possess a firearm "in or affecting commerce." *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011).  "The jurisdictional requirement is satisfied when the firearm in question has a 'minimal nexus' to interstate commerce," and § 922(g) is not unconstitutional as applied to a defendant where the government establishes the firearm in question traveled in interstate commerce. *Id.*  "We are bound by prior panel decisions unless or until we overrule them while sitting *en banc*, or they are overruled by the Supreme Court." *Id.*

Thus, Bailey's argument that § 922(g) is facially unconstitutional is foreclosed by our binding precedent. Bailey's as-applied challenge to § 922(g) is also unavailing because the evidence established his possession of a firearm had a minimal nexus to interstate commerce.

## III.

Bailey argues his sentence is procedurally unreasonable because the district court erred in applying a four-level enhancement to his base offense level for possessing a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6).

The district court is obligated to correctly calculate the applicable Guidelines range. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). A sentence may be procedurally unreasonable if, among other things, the district court failed to accurately calculate the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007).

We review a district court's application and interpretation of the Guidelines *de novo*, and its factual findings for clear error. *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002). A district court's determination the defendant used a firearm in connection with another felony offense is a factual finding reviewed

only for clear error. *See United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995).

In calculating the Guidelines range for a firearm-possession offense under § 922(g), a four-level increase to the base offense level is required if "the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). The Application Notes to § 2K2.1 clarify that § 2K2.1(b)(6) "appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . ." U.S.S.G. § 2K2.1, comment. (n.14(A)). "Another felony offense" is defined as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.*, comment. (n.14(C)).

The district court did not clearly err in concluding the Government had met its burden to establish Bailey possessed a firearm in connection with the felony offense of possession of crack cocaine. *See United States v. Kinard*, 472 F.3d 1294, 1298 (11th Cir. 2006) (stating the government bears the burden to establish by a preponderance of the evidence the facts necessary to support a sentencing enhancement). First, Bailey's possession of crack cocaine constituted "another felony offense" because the application notes to § 2K2.1(b)(6) specifically include

6

state offenses punishable by a term of imprisonment exceeding one year. Because possession of a controlled substance is an offense punishable by a five-year maximum term of imprisonment under Florida law, Bailey's possession of crack cocaine constituted a felony. *See* Fla. Stat. §§ 775.082(3)(d) (providing statutory maximum sentence for a third-degree felony), 893.13(6)(a) (providing possession of a controlled substance is a third-degree felony).

Second, the evidence demonstrated Bailey's firearm had the potential to facilitate his continued possession of crack cocaine. In imposing the enhancement, the district court noted "possessing [cocaine], and continuing to possess it with a reasonable degree of confidence in [a] certain context is certainly facilitated by a firearm," and the awareness in others that he had a firearm could deter "aspiring possessors" of Bailey's drugs in this circumstance. The court found by clear and convincing evidence the firearm was "for the protection of and in furtherance in that context of [Bailey's] possession of the cocaine." Because the firearm could have protected Bailey from "aspiring possessors" of his crack cocaine in the dangerous, high-crime neighborhood he was in, it had the potential to facilitate his possession of crack cocaine, which is all that is required for the § 2K2.1(b)(6) enhancement to apply. Therefore, the district court did not clearly err in finding Bailey possessed the firearm to protect his drugs, and, thus, did not

7

err in applying the § 2K2.1(b)(6) enhancement.  Accordingly, Bailey's sentence is procedurally reasonable.

IV.

Finally, Bailey argues his sentence is substantively unreasonable.  Once we determine the sentence is procedurally sound, we examine whether the sentence was substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1]  *Gall*, 552 U.S. at 51.  The party challenging the sentence bears the burden to show it is unreasonable based on the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S. Ct. 674 (2010).

District courts are generally required to apply the Guidelines in effect on the sentencing date.  18 U.S.C. § 3553(a)(4)(A)(ii).  Moreover, the Guidelines were intended to apply as a "cohesive whole" and not "in a piecemeal fashion," so a

---

[1] The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

8

defendant cannot "mix and match amended provisions" to achieve a more favorable sentence. *United States v. Lance*, 23 F.3d 343, 344 (11th Cir. 1994).

Effective November 1, 2010, the Sentencing Commission eliminated § 4A1.1(e)'s "recency" points provision. U.S.S.G. App. C, amend. 742. Under the prior version of § 4A1.1(e), if the defendant committed the instant offense less than two years after release from imprisonment, two points were added to his criminal history calculation. U.S.S.G. § 4A1.1(e) (2009). The Sentencing Commission did not make Amendment 742 retroactive. *See* U.S.S.G. § 1B1.10(c) (listing retroactive Guidelines amendments).

Bailey has not met his burden of showing his sentence was substantively unreasonable in light of the record and the § 3553(a) factors. The district court was required to apply the Guidelines in effect at the time of Bailey's sentencing, and could not apply a more favorable provision from the forthcoming Guidelines that were not yet in effect. *See Lance*, 23 F.3d at 344. Moreover, Bailey does not point to a prosecuted or convicted individual who is similarly situated to him and received a disparate sentence, and, thus, there is no unwarranted sentencing disparity. *See United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009) (explaining to establish an unwarranted sentencing disparity exists, the defendant

must show he is similarly situated to other similarly situated defendants who received lower sentences).

Further, the court imposed a sentence within the advisory Guidelines range, and we ordinarily expect such within-Guidelines sentences to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining although we do not automatically presume a within-Guidelines sentence to be reasonable, we ordinarily expect such a sentence to be so). Considering Bailey's criminal history and the nature and circumstances of his offense, the sentence was adequately supported by the § 3553(a) factors. The district court was concerned by Bailey's criminal history, in particular the incident where police found him in possession of a firearm, a black ski mask, and duct tape. The court also considered the circumstances of the instant offense, saying that Bailey had "gratuitously endangered" the individuals within the apartment. Under these circumstances, the district court did not abuse its discretion in determining that the § 3553(a) factors warranted a sentence at the high end of the advisory range. Accordingly, Bailey's sentence is not substantively unreasonable.

## V.

We conclude (1) the district did not err in denying Bailey's motion for judgment of acquittal because the evidence was sufficient to prove that he

possessed a gun, (2) 18 U.S.C. § 922(g) is not unconstitutional; (3) the district court did not err in applying an enhancement for possession of a firearm in connection with a felony offense; and (4) Bailey's 63-month sentence is reasonable. Thus, we affirm Bailey's conviction and sentence.

**AFFIRMED.**