[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13735
Non-Argument Calendar

_____

D.C. Docket No. 0:13-cr-60167-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

CEDRICK WILLIAMS,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 15, 2019)

Before WILLIAM PRYOR, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Cedric Williams appeals the 162-month sentence imposed by the district court on resentencing.

In 2014, Mr. Williams pled guilty to committing and attempting to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). He later filed a motion to vacate his sentence under 28 U.S.C. § 2255 pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government agreed that the motion should be granted, and the district court vacated Mr. Williams' sentence and set his case for resentencing.

Mr. Williams now appeals that second sentence. He argues that the district court committed plain error by applying the version of the Sentencing Guidelines in effect at the time of his original sentencing (the 2013 version), rather than the guidelines in effect at the time of his resentencing (the 2016 version). The government agrees with Mr. Williams, confessing error on appeal.

We agree that the district court committed plain error. To establish plain error, Mr. Williams must show that there was (1) an error, (2) that is plain, and (3) that affects substantial rights. *See United States v. Shelton*, 400 F.3d 1325, 1328–29 (11th Cir. 2005). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously

2

affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1329 (quotation omitted). For an error to be plain, it must be obvious or clear under current law. *See United States v. Baker*, 432 F.3d 1189, 1207 (11th Cir. 2005). For the error to be prejudicial, it must have "affected the outcome of the district court proceedings" with a reasonable probability that, had the error not occurred, the result may have been different. *United States v. Olano*, 507 U.S. 725, 734 (1993). *See also United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).

The error here was plain. District courts must use the guidelines in effect on the date that the defendant is sentenced, unless doing so causes an ex post facto violation. *See* 18 U.S.C. § 3553(a)(4)(A)(ii). *See also* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."); *United States v. Lance*, 23 F.3d 343, 344 (11th Cir. 1994) ("The Guidelines also provide, however, that a sentencing judge must use the Guidelines Manual in effect on the date the crime was committed, if using the Guidelines Manual in effect on the date of sentencing would violate the ex post facto clause of the United States Constitution.") (citing § 1B1.11(b)(1)).

The exception to this rule—for sentences imposed in violation of law, as the result of an incorrect application of the sentencing guidelines, or because the district court committed a procedural error under § 3742(f)(2)—is inapplicable here. Mr.

Williams was resentenced after the district court granted his § 2255 motion. *See* § 3742(g).

The error was also prejudicial. Mr. Williams was classified as a career offender under the 2013 guidelines, and his advisory guideline range was 151 to 188 months' imprisonment. The district court sentenced him to 162 months in prison, within that range. Had Mr. Williams been properly sentenced under the 2016 guidelines, his conviction for "burglary of an unoccupied dwelling" would not have qualified as a crime of violence under U.S.S.G. § 4B1.2(a). That is because the 2016 guidelines eliminated the "residual clause" of § 4B1.2(e). *See* App. C, amend. 798 (Supp. Nov. 1, 2016). Because "burglary of an unoccupied dwelling" does not qualify under either the elements clause or the enumerated offenses clause of § 4B1.2(a)(1) or (2)—and was only considered a crime of violence under the now-repealed residual clause—the district court could not have considered it a crime of violence under the 2016 guidelines. *See United States v. Matchett*, 802 F.3d 1185, 1196–97 (11th Cir. 2015).

This error affected Mr. Williams' sentence. The presentence investigation report calculated Mr. Williams' offense level at 24 because of his two felony convictions for crimes of violence. Without the "burglary of an unoccupied dwelling" conviction, Mr. Williams would only have had one crime of violence, which would have reduced his base offense level to 20. *See* § 2K2.1(a)(2). He

4

would also no longer qualify as a career offender under § 4B1.1.  And finally, his criminal history points would lead to a criminal history score of V rather than VI, what he received.  Under the 2016 guidelines, Mr. Williams' advisory range would have been 63 to 78 months, about 7-9 years below the range under which he was sentenced.  Given the large discrepancy in the two sentencing ranges, we exercise our discretion to correct the error because it affected the fairness of the sentencing proceeding.

We recognize that there is an appeal waiver in Mr. Williams' plea agreement.  But the government states that it has "elected not to enforce the appellate waiver under the circumstances of this case."  Appellee's Br. at 16–17.  We accept that waiver.  Plea agreements are like contracts, albeit "constitutional contracts." *Ricketts v. Adamson*, 483 U.S. 1, 16 (1987).  As a result, "the law of commercial contract may in some cases prove useful . . . in construing a plea agreement." *Id.*  It is a basic principle of contract law that where two parties mutually agree to depart from a contract, the court may apply that new agreement. *See* Howard O. Hunter, Modern Law of Contracts § 19:32 (2018) (explaining that "substituted agreement," "modification," and "waiver" all describe the well-known concept where "one or both parties have agreed by words or actions to a change in the original agreement").

Here, the government has chosen not to enforce the appeal waiver in Mr. Williams' plea agreement.  We see no reason to prevent the government from doing

so.  *See e.g.*, *United States v. Brock*, 211 F.3d 88, 90 n.1 (4th Cir. 2000) (declining to consider appeal waiver where government had expressly chosen not to rely on it).

We vacate Mr. Williams' sentence and remand for resentencing.

**REVERSED and REMANDED.**