[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15668
Non-Argument Calendar

_____

D.C. Docket No. 8:89-cr-00060-JDW-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN J. POWERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 3, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

John Powers appeals his total sentence of 64 months' imprisonment, imposed after being resentenced, for being a convicted felon in possession of a firearm, possession of an unregistered firearm, transportation of a stolen firearm and a stolen vehicle, and possession of counterfeit currency.  Powers was first sentenced in 1990 and received an enhancement under the Armed Career Criminal Act for prior convictions including a state-level charge that followed his escape from jail.  Following the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), Powers filed a § 2255 motion to vacate his sentence, challenging the application of the ACCA to his sentence.  The government filed a joint stipulation with Powers that his escape from prison no longer qualified as a violent felony and agreed that his sentence should be vacated as a result.  After the district court resentenced him on December 18, 2017, to 64 months' imprisonment, Powers timely appealed.

On appeal, he argues that: the district court (1) plainly erred in its application of U.S.S.G. § 4A1.2 and also plainly erred by failing to apply § 5G1.3; (2) committed a Jones[1] error by failing to elicit objections after it explained the sentence it imposed; and (3) imposed a procedurally and substantively unreasonable sentence.  Each argument is addressed in turn.

---

[1] United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993).

2

I.

Generally, "[t]he district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005) (quotations omitted).  However, when a party fails to challenge the application of the sentencing guidelines in the district court, we review for plain error.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  Under the plain error standard, the appellant must demonstrate "that (1) there is an error; (2) that is plain or obvious; (3) affecting his substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  United States v. Aguilar-Ibarra, 740 F.3d 587, 592 (11th Cir. 2014) (quotations omitted).  For an error to be plain, it must be "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court."  United States v. Hoffman, 710 F.3d 1228, 1232 (11th Cir. 2013) (quotations omitted).

Interpretation of the Guidelines is governed by traditional rules of statutory construction.  United States v. Lange, 862 F.3d 1290, 1294 (11th Cir. 2017).  The language of the Guidelines is given its "plain and ordinary meaning."  United States v. Tham, 118 F.3d 1501, 1506 (11th Cir. 1997).

3

Generally, "a defendant's sentence must be based on the Guidelines that are in effect on the date that the defendant is sentenced." United States v. Lance, 23 F.3d 343, 344 (1994) (quotations omitted).  However, if doing so results in a violation of the ex post facto clause of the Constitution, the district court "must use the Guidelines Manual in effect on the date the crime was committed." Id.

The 1989 Sentencing Guidelines provide that a "prior sentence," for the purposes of calculating criminal history, is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1) (1989); see also id. § 4A1.2, cmt. n.1.  "Prior sentences imposed in unrelated cases are to be counted separately," whereas "[p]rior sentences imposed in related cases are to be treated as one sentence." Id. § 4A1.2(a)(2).  "Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Id. § 4A1.2, cmt. n.3 (1989).  According to the 1989 Sentencing Guidelines, for sentencing in cases where a defendant is serving an unexpired term of imprisonment, "[i]f the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment." Id. § 5G1.3 (1989) (emphasis added).

4

As an initial matter, the probation officer and sentencing court calculated Powers's guideline ranging using the 1989 version of the manual due to *ex post facto* issues, and Powers has not explicitly challenged that on appeal, thus abandoning the issue.  As to the application of § 4A1.2, Powers argues that his February 1990 conviction in Case No. 89-61[2] for criminal contempt, bank robberies, and possession of a stolen vehicle does not count as a "prior offense" because it is conduct which is part of the instant offense. To support this claim, he raises two arguments.  First, he points out that evidence from Case No. 89-61 was found in his apartment along with evidence supporting the counts of the instant case.  Second, he argues that the stolen vehicle in Count One of this case (transportation of a stolen vehicle) is the same vehicle as in Count Three of Case No. 89-61 (possession of a stolen motor vehicle).

The first argument can be rejected out of hand.  The mere fact that there is evidentiary overlap between two unrelated cases does not mean that the cases derive from related conduct.  Even where offenses were committed within the same time period, if they involved different victims and different conduct, the previous offense counts as a "prior sentence" under § 4A1.2.  See United States v. Johnson, 87 F.3d 1257, 1260 (11th Cir. 1996).  That is the case here.  Powers'

---

[2] Powers was convicted by the Middle District of Florida in Case No. 8:89-cr-00061-SCB-TGW ("Case No. 89-61").

conviction for bank robbery in Case No. 89-61 is entirely unrelated to the charges in the instant case, which consist of illegal possession and interstate transportation crimes.

The second argument presents a closer question—possession and transportation of the same stolen vehicle could be part of the same conduct—but Powers fails to significantly develop it or cite any meaningful caselaw.  In any event, even if we determined that Count One in this case and Count Three of Case No. 89-61 constitute conduct that is "part of the instant offense," § 4A1.2 cmt. n. 1, the other counts clearly do not.  That is to say, even if we buy Powers' argument about the relatedness of the stolen vehicle to both cases, he would still receive three criminal history points under § 4A1.2. Accordingly, we conclude that the district court did not plainly err because the offense conduct in Powers' prior consecutive sentence, as a whole, was not related to the offense conduct in the instant case.

As to the application of § 5G1.3, Powers invited any error as to whether the present sentence should have run concurrent to his previous sentence by repeatedly telling the court, in advocating for a lesser sentence, that the present sentence would still run consecutive to the prior sentence.  We are precluded from reviewing an issue raised on appeal if it has been waived through the doctrine of invited error, which "is implicated when a party induces or invites the district court

into making an error." United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) (quotations omitted).  We have applied the doctrine of invited error where, as here, the party affirmatively agreed with the challenged action of the district court.  See United States v. Jernigan, 341 F.3d 1273, 1289–90 (11th Cir. 2003) (concluding that the defendant invited error by affirmatively stipulating to the admission of the evidence challenged on appeal).

But even if Powers had not invited the error, applying § 5G1.3 as he now requests would be in error.  Under the 1989 Sentencing Guidelines, § 5G1.3 only applies "[i]f the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status)."  By its plain language, it does not apply here; Powers did not commit the instant offense while serving a term of imprisonment and does not contend otherwise.[3]

In any event, the district court did not plainly err by failing to apply § 5G1.3 because that guideline, as it existed in 1989, did not require running sentences concurrently. We affirm as to this issue.

---

[3] Powers confuses the issue further by quoting provisions of § 5G1.3 that do not appear in the 1989 Guidelines—it is not entirely clear which Sentencing Guidelines he is quoting, but as the Government correctly points out, the language he quotes first appears in the 2003 Guidelines.  We have several comments in this regard.  First, Powers did not contest the application of the 1989 Guidelines before the district court and does not appear to do so now.  Second, to the extent that he now attempts to argue that another year's guidelines ought to apply, we reject that argument outright because it was not briefed.  United States v. Thomas, 242 F.3d 1028, 1033 (11th Cir. 2001).

II.

Next, Powers argues that the district court committed a Jones violation by failing to elicit objections from both parties after it explained the sentence it imposed.  In Jones, we exercised our supervisory power over the district courts and instructed them "to elicit fully articulated objections, following imposition of a sentence, to the court's ultimate findings of fact and conclusions of law."  899 F.2d at 1102.  We explained that our instructions required that the district court (1) "give the parties an opportunity not only to resolve the objections contained in the addendum, but also . . . to object to the district court's ultimate findings of fact and conclusions of law and to the manner in which the sentence is pronounced"; and (2) if an objection is made, "elicit from counsel an articulation of the grounds on which the objection is based."  Id.  "[W]hen a district court fails to elicit objections after imposing a sentence, we normally vacate the sentence and remand to the district court to give the parties an opportunity to present their objections."  United States v. Campbell, 473 F.3d 1345, 1347 (11th Cir. 2007).  "A remand is unnecessary, however, when the record on appeal is sufficient to enable review."  Id.

Here, Powers argues that the district court should have elicited objections from both parties for a second time after its soliloquy[4] at the end of the sentencing

---

[4] At the end of the sentencing hearing, the court said:

hearing. Powers's argument is essentially that the district court's soliloquy operated as a second or supplementary explanation of the sentence that it imposed, thereby requiring the court to give the parties another chance to object. That is one way to read the district court's remarks, but perhaps not the most natural way to do so. We conclude that the district court was merely providing conclusory remarks that continued its previous remarks about the original sentencing judge—not making new findings of fact or conclusions of law. Therefore, it was not required to elicit objections from the parties a second time and it fully satisfied <u>Jones</u> by eliciting objections in a timely manner earlier in the hearing. Accordingly, we affirm as to this issue.

## III.

Finally, Powers argues that his sentence was procedurally and substantively unreasonable. We generally review the reasonableness of a sentence under a deferential abuse-of-discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). However, where a defendant did not object to the procedural

---

I know Judge Castagna [the original sentencing judge] well enough to suggest that he would be in complete agreement with what I've done here today. Even though he had good reason to give you those sentences and you deserved them at that time, he is also one to recognize when errors need to be addressed and corrected, he would be the first to do so. He is still gracing us with his presence in this courthouse and I will next time I see him share with him today's hearing and the result of that hearing. And I will tell you that he will look at me and say, "Mr. Whittemore, you have done the appropriate thing and followed the law."

reasonableness of the sentence imposed, we review for plain error.  United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).  We can reverse on plain error review only if there was a plain, or clear, error that affected "substantial rights," which usually requires that the error have been prejudicial.  Aguilar-Iberra, 740 F.3d at 592.

A sentence may be procedurally unreasonable if the sentencing court fails to consider the factors set forth in 18 U.S.C. § 3553(a), considers the Guidelines to be mandatory, presumes that the Guidelines are reasonable, fails to properly calculate the appropriate guideline range, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence.  Gall, 552 U.S. at 50–51.  However, we do not require a district court to state on the record that it has explicitly considered each of the § 3553(a) factors and will consider it sufficient where the district court acknowledges that it considered the defendant's arguments and the § 3553(a) factors.  United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007).  In sentencing a defendant, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  Rita v. United States, 551 U.S. 338, 356 (2007).

After reviewing for procedural reasonableness, we consider the substantive reasonableness of a sentence.  Gall, 552 U.S. at 51.  In reviewing a district court's

10

sentence for substantive reasonableness, we examine the totality of the circumstances to determine whether the statutory factors in § 3553(a) support the sentence in question. Gonzalez, 550 F.3d at 1324. A sentence may be substantively unreasonable if a district court unjustifiably relied on any § 3553(a) factor, considered impermissible factors, or failed altogether to consider pertinent § 3553(a) factors. United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009).

The district court's sentence must be "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. Id. §§ 3553(a)(1), (3)–(7).

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). The weight given to any

11

specific § 3553(a) factor is committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). We will not remand for resentencing unless left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside of the range of reasonable sentences based upon the facts of the case. United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016). Although we do not automatically presume that a sentence falling within the guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). Further, a sentence that is below the statutory maximum is another indicator of reasonableness. Gonzalez, 550 F.3d at 1324. That we may reasonably conclude a different sentence is appropriate is insufficient for reversal. Gall, 552 U.S. at 51.

Powers' argument here is twofold. First, he argues that the district court repeatedly referred to the sentencing decision of the previous court, a signal that it was "supplant[ing] the original sentencing judge[']s decision . . . for its own. Second, the original sentencing took place before the Supreme Court's opinion in United States v. Booker, 543 U.S. 220 (2005), at a time when the sentencing guidelines were mandatory. Therefore, he concludes, through repeatedly referring to the previous court's application of then-binding sentencing guidelines, the

12

district court in the instant case impermissibly presumed that the Guidelines range was reasonable.

As an initial matter, Powers concedes that he did not object to the procedural reasonableness of the sentence imposed, and so plain error review applies.  See Vandergrift, 754 F.3d at 1307.  As the Supreme Court held in United States v. Olano, 507 U.S. 725, 732–34 (1993) (citation omitted), "'[p]lain' is synonymous with 'clear' or, equivalently, 'obvious.'"

While the district court spoke imprecisely here, possibly creating the implication that it was basing its most recent sentence on the sentence imposed by the previous court,[5] we cannot say that its language clearly or obviously indicated a presumption on its part that the guidelines were reasonable.  Instead, it is clear from the record that the district court district court explicitly considered the § 3553(a) factors and Powers' arguments regarding an appropriate sentence, ultimately imposing a sentence that it said was "sufficient but not greater than necessary to achieve the statutory purposes of sentencing."

Moreover, we disagree with Powers' assertion that the district court improperly relied on the original sentence in imposing the instant sentence.  The district court simply indicated that the judgment that it imposed was consistent

---

[5] Our sister circuits have held that for an appellant to succeed on plain error review, his argument must contain more than mere conjecture and possible implications.  See United States v. Faler, 832 F.3d 849, 853 (8th Cir. 2016); United States v. Westerfield, 714 F.3d 480, 489 (7th Cir. 2013).

13

with the original judgment, in that the new total sentence would run consecutive to a prior, separate sentence.  In any event, Powers cites no cases to support his proposition that passing references to the original, invalid sentence during a resentencing creates an impermissible presumption that the Guidelines are reasonable.  Accordingly, we reject Powers' argument that his sentence was procedurally unreasonable.

As to substantive reasonableness, Powers argues that the district court (a) erred in dismissing his request for a downward variance; (b) relied on improper speculation about why the government did not file a Rule 35 motion; and (c) improperly conformed the sentence it imposed to the previous, invalid sentence.

Powers' first contention is without merit.  Our review of a district court's decision to not apply a downward variance is limited.  We will generally defer to the district court's judgment in applying and weighing the § 3553(a) factors "unless the district court has made a 'clear error of judgment' and has imposed 'a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'"  Gonzalez, 550 F.3d at 1324 (citation omitted).  Ultimately, "[a]n acknowledgement that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice."  Id.  Here, the district court did not err in refusing to grant Powers' request for a downward variance.  The record is plain

14

that the district court explicitly weighed the § 3553(a) factors and considered his arguments for a downward variance. We affirm as to this issue.

Powers next argues that the district court improperly speculated about facts surrounding his failure to receive a benefit for his substantial assistance in a murder case. This argument, too, is without merit. Powers draws specific attention to the district court's comments about then-U.S. Attorney, now-Judge Charles R. Wilson's purported motivation in not filing a Rule 35 motion to reduce Powers's sentence after his assistance, but we find no error there. We interpret the district court's remarks[6] not as using impermissible speculation to justify Powers' sentence, but as a comment on what the court viewed as a claim that the prosecutor's refusal to file a substantial assistance motion under Rule 35 was in

---

[6] Specifically, the district court said:

… I'm not unfamiliar with [Assistant U.S. Attorney] Zitek and the policies of that office at or about the time that there was a discussion about a Rule 35 [motion]. I'm not here to address, whether by way of correction or otherwise, whatever happened back then. Although it's part of Mr. Powers' background and characteristics, I've read it, I appreciate the substantial assistance he provided. I have to accept, however, the reasons articulated by Mr. Zitek in his letter. Whether one would disagree or agree with those reasons, it is what it is, as they say.

I will add only parenthetically, Mr. Powers, that knowing Judge Wilson as I do and having known him for more than 25 years, even if Mr. Zitick had some personal vendetta—which I'm sure you think he did—that would not have impressed Judge Wilson. There had to be underlying reasons, sound reasons, for their decision, even if that decision was inconsistent with the prosecutors up in Atlanta who were trying to convince this office—meaning the U.S. Attorney's Office—to file a Rule 35.

15

error.[7]  Indeed, the district court made clear that it was not considering the correctness, vel non, of the prosecutor's Rule 35 decision; rather, it is clear that the district court's sentence was based solely on the need to impose a sentence which is sufficient, but not greater than necessary, to achieve the statutory purpose of sentencing.

Finally, Powers argues that the district court committed clear error by considering an improper factor: his previous, invalid sentence and the previous judge's rationale in issuing it.  This issue overlaps with our discussion above, where we found no error, and we likewise find no error here.  As noted above, the quotes from the sentencing hearing transcript that Powers cites do not demonstrate that the district court improperly relied on the previous sentence in arriving at its decision.  Although the district court noted in passing that its sentence was consistent in some ways with the original sentence, our review of the entire sentencing transcript persuades us that the district court properly considered all of Powers' arguments and proffered mitigating circumstances (including his argument for a downward variance), considered the several § 3553(a) factors, and imposed a sentence which it perceived to be sufficient but not greater than necessary to achieve the statutory factors.

---

[7] Under Wade v. United States, we can only review the Government's failure to file a Rule 35 motion if the refusal "was based on an unconstitutional motive" or "was not rationally related to any legitimate government end."  504 U.S. 181, 186 (1992).

16

Because he fails to demonstrate plain error, we affirm as to this issue.

AFFIRMED.